IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

GREGORY FAZZIE                                    *
106 East Burgess Road                             *
Marlton, New Jersey 08053                         *
                                                  *
and                                               *
                                                  *
ALICIA M. FAZZIE                                  *
106 East Burgess Road                             *
Marlton, New Jersey 08053                         *
                                                  *
        Plaintiffs                                *
                                                  *
v.                                                *
                                                  *
JAMES MICHAEL STEINBERG, D.O.                     *
Mid-Maryland Musculoskeletal Institute            *
184 Thomas Johnson Drive, Suite 104               *        Civil Action: _____
Frederick, MD  21702                              *
                                                  *
and                                               *
                                                  *
NISENFELD & CHILTON, M.D., P.A.                   *
t/a Mid-Maryland Musculoskeletal Institute        *
184 Thomas Johnson Drive                          *
Frederick, MD  21702                              *
                                                  *
SERVE ON:                                         *
Frank G. Nisenfeld, M.D.                          *
184 Thomas Johnson Drive, Suite 104               *
Frederick, MD  21702                              *
Resident Agent                                    *
                                                  *
and                                               *
                                                  *
CENTERS FOR ADVANCED                              *
ORTHOPAEDICS , LLC, t/a                           *
Mid-Maryland Musculoskeletal Institute            *
6701 Democracy Blvd                               *
Bethesda, MD  20817                               *
                                                  *

```
SERVE ON:                                      *
Dennis Tritinger, CPA, MBA                     *
Suite 300                                      *
 6701 Democracy Blvd                           *
Bethesda, MD  20817                            *
Resident Agent                                 *
                                               *
and                                            *
                                               *
FREDERICK MEMORIAL HOSPITAL, INC.              *
400 West Seventh Street                        *
Frederick, MD  21701                           *
                                               *
SERVE ON:                                      *
Thomas A. Kleinhanzl                           *
400 West Seventh Street                        *
Frederick, MD  21701                           *
Resident Agent                                 *
                                               *
        Defendants                             *
```
*******************************************************************

## COMPLAINT AND ELECTION FOR JURY TRIAL

The Plaintiffs, Gregory Fazzie and Alicia Fazzie, by and through their attorneys, Henry E. Dugan, Jr., Alison D. Kohler and Dugan, Babij & Tolley, LLC, sues the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., stating:

1.  This matter was filed with the Health Care Alternative Dispute Resolution Office of Maryland on or about May 15, 2015. A copy of the Statement of Claim is attached hereto as *Exhibit 1* and prayed to be taken as part hereof.

2.  The Plaintiffs filed the Certificate of Merit and Report of A. Lee Osterman, M.D., with the Health Care Alternative Dispute Resolution Office of Maryland, on or about May 15, 2015. A copy of the Certificate of Merit and Report is attached hereto as *Exhibit 2* and prayed to be taken as part hereof.

2

3.  On or about May 15, 2015, the Plaintiffs filed a Notice of Election to Waive Arbitration, pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A, in the Health Care Alternative Dispute Resolution Office of Maryland. A copy of the Notice of Election to Waive Arbitration is attached hereto as *Exhibit 3*, and prayed to be taken as part thereof.

4.  On or about May 19, 2015, Plaintiffs filed an Amendment of Statement of Claim by Interlineation to amend ¶8 of their original Statement of Claim filed on May 15, 2015. A copy of the Amendment is attached Hereto as *Exhibit 4* and prayed to be taken as part hereof.

5.  On or about May 26, 2015, an Order of Transfer was issued by the Health Care Alternative Dispute Resolution Office, transferring this case to the United States District Court for the District Of Maryland.  A copy of the Order to Transfer is attached  hereto as *Exhibit 5*, and prayed to be taken as part hereof.

6.  These claims were properly filed in the Health Care Alternative Dispute Resolution Office as they exceed Thirty Thousand Dollars ($30,000.00) in damages, and were properly waived out to the United States District Court District of Maryland pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A.  All conditions precedent to the filing of these claims have been met.

7.  The Plaintiffs relate back to, repeat, re-allege, adopt and incorporate by reference the Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about May 15, 2015.

## PARTIES

8.      The Plaintiff, Gregory Fazzie, is an adult citizen of the State of New Jersey, residing at 106 East Burgess Road, Marlton, New Jersey, 08053.

9.      The Plaintiff, Alicia M. Fazzie, is an adult citizen of the State of New Jersey, residing at 106 East Burgess Road, Marlton, New Jersey, 08053.

10.     At all relevant times, Plaintiff Gregory Fazzie and Plaintiff Alicia M. Fazzie were husband and wife.

11.     The Defendant, James Michael Steinberg, D.O., is an adult citizen of the State of Maryland, who, at all times complained of herein, was licensed to practice medicine in the State of Maryland, with his principal place of business at 184 Mid-Maryland Musculoskeletal Institute, 184 Thomas Johnson Drive, Suite 104, Frederick, MD 21702, and who, at all relevant times, did business and derived revenues from doing business in Frederick County, Maryland.

12.     The Defendant, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, is a medical corporation organized and existing under the laws of the State of Maryland, which was and is a medical practice group specializing in orthopedic and trauma surgery. At all times complained of herein, Nisenfeld & Chilton, M.D., P.A. was and is carrying on a regular business and deriving revenues from conducting business in at least Frederick County and is the principal, real, apparent or ostensible, of Defendant James Michael Steinberg, D.O.

13.     The Defendant, Centers for Advanced Orthopaedics, LLC, t/a Mid-Maryland Musculoskeletal Institute, is a medical limited liability company organized and existing under the laws of the State of Maryland, which was and is a medical practice group specializing in orthopedic and trauma surgery. At all times complained of herein, Centers for Advanced Orthopaedics, LLC was and is carrying on a regular business and

deriving revenues from conducting business in at least Frederick County and is the

principal, real, apparent or ostensible, of Defendant James Michael Steinberg, D.O.

14.     The Defendant, Frederick Memorial Hospital, Inc., (hereinafter "FMH") is

a corporation organized under the laws of the State of Maryland.  At all relevant times,

FMH owned and operated the hospital referred to as Frederick Memorial Hospital at 400

West Seventh Street, Frederick, MD 21701 in Frederick County, Maryland, and was the

employer and/or the actual and/or apparent principal of the physicians, nurses, nurses

aids, nurse anesthetists,  physical therapists,  occupational therapists and other health care

providers staffing the hospital and providing medical, nursing, anesthesia and pain

management care to Gregory Fazzie during his hospitalization beginning August 24,

2012,  including without limitation, Defendant Steinberg and the nurses attending to Mr.

Fazzie at the time of discharge.

### JURISDICTION AND VENUE

15.     The amount of this claim exceeds Seventy-Five Thousand Dollars

($75,000.00) and venue is appropriate in the United States District Court for the District

of Maryland because there is complete diversity among the parties.

### FACTS COMMON TO ALL COUNTS

16.     On or about August 24, 2012, Plaintiff Gregory Fazzie fell off a balance

beam, sustaining a significantly displaced right both bone forearm fracture. Mr. Fazzie

immediately presented to the emergency department of Defendant Frederick Memorial

Hospital, Inc. with severe 10/10 right arm pain and swelling.  X-rays in the AP and lateral

views of his right forearm demonstrated a right mid-shaft radial fracture with 100%

displacement and right mid-shaft ulnar fracture with 100% displacement.  While in the

5

emergency department an orthopedic surgical consult was requested with orthopedic surgeon James Steinberg, D.O.

17.     On or about August 24, 2012, Defendant James Steinberg, D.O. examined Mr. Fazzie and recommended surgical fixation.  Mr. Fazzie was admitted and scheduled for open reduction/internal fixture ("ORIF") surgery on August 25, 2012.

18.     On or about August 25, 2012 at 2037, Mr. Fazzie underwent an open reduction/internal fixation of the right radius and ulnar fractures that was performed by Dr. Steinberg. Dr. Steinberg ordered neurological checks every two hours, then every four hours and morphine PCA (patient-controlled analgesic).

19.     On or about August 25, 2012 at 2310,  Mr. Fazzie was instructed in how to use the morphine PCA pump. His right arm was elevated and ice packs were applied.  At that time, Mr. Fazzie was able to wiggle all fingers.

20.     On or about August 26, 2012 at 0200, the records recorded an entry that said to "prepare pt for hospital discharge."  Mr. Fazzie's right arm edema was recorded as +2, with no notation about capillary filling. Also, despite demanding a morphine bolus seventeen (17) times, Mr. Fazzie's pain was noted to be 8/10.

21.     On August 26, 2012 at 0449, Mr. Fazzie complained of 9/10 pain.

22.     On August 26, 2012 at 0600, the PCA chart showed that Mr. Fazzie had demanded a morphine bolus two-hundred and sixty-nine (269) times and the morphine bolus was delivered fifteen (15) times. Despite the morphine delivered, Mr. Fazzie rated his pain as 6/10.

23.     On August 26, 2012 at 0749, a FMH nurse noted that Mr. Fazzie was complaining of 9/10 pain. Mr. Fazzie's right arm edema was +2, but there was again no notation regarding his capillary filling.

24.     On August 26, 2012 at 0900, the nurse (Lisa Black, RN) noted that Mr. Fazzie was anxious and complaining of "pain to right arm" and "numbness to [right] fingers" and that edema of his right arm was +2 and right fingers +2. His pain level was 9/10. He was noted to be able to "wiggle fingers slightly."

25.     On August 26, 2012, the PCA chart recorded that, as of 1000 hours, Mr. Fazzie had demanded a morphine bolus two hundred and eighty-nine (289) times and the morphine bolus had been delivered twenty-five (25) times. Mr. Fazzie's pain remained at 9/10 and his right arm edema continued to be +2.

26.     On August 26, 2012, at 1100 hours, Mr. Fazzie's  pain continued to be 9/10. Nurse Black made Dr. Steinberg aware that Mr. Fazzie was concerned about his level of pain, decreased range of motion and numbness to his right fingers. Dr. Steinberg removed the dressing, noted that he palpated the compartments and replaced the dressing. Dr. Steinberg discontinued the PCA pump and ordered initiation of oral Percocet as needed and confirmed that Mr. Fazzie could be discharged to go home to New Jersey. Mr. Fazzie was not seen again by Dr. Steinberg prior to discharge.

27.     On August 26, 2012 at 1400, Mr. Fazzie continued to complain of pain in his right arm and additional pain medications were given. Mr. Fazzie continued to have edema and decreased range of motion, and he continued to complain about numbness to his right fingers.

28.     On August 26, 2012, at about 1556, Mr. Fazzie was discharged from Frederick Memorial Hospital for the ride back to New Jersey.  Prior to discharge, he was "medicated for pain" with Tylox and given fresh ice packs for the journey.  He was discharged with significant pain, numbness in his fingers and decreased ability to move his fingers.

29.     On August 26, 2012, at 2239, less than seven (7) hours after Mr. Fazzie was discharged from Frederick Memorial Hospital, Mr. Fazzie presented to the emergency department at Virtua Marlton Hospital in New Jersey with complaints of 10/10 pain and swelling in the right arm.  Physical examination in the emergency room revealed tense skin from the hand to the elbow, dusky color of the hand, limited range of motion of the fingers, and redness running up the medial side of the right arm.   The emergency department requested an orthopedic consult.

30.     On August 26, 2012 at 2343, orthopedic surgeon Joseph Farrell, M.D. examined Mr. Fazzie and noted that his "finger motion is nil and he seems to have little if any radial nerve function ... decreased sensation across the dorsum of the hand and wrist, and inability to straighten out his fingers."  His pain was "enormous" and the compartments of the right forearm were "enormously swollen and tense". The skin of the right forearm was reported as "shiny and it is white on the dorsal compartment, especially at the lateral extensor wad."   Mr. Fazzie held his hand in vigorous flexion and any attempt to straighten out the fingers resulted in severe discomfort. Mr. Fazzie's pain was described as "significant even at rest" and attempts to move his fingers caused "excruciating discomfort".   Dr. Farrell described Mr. Fazzie's skin as "so tense that it is hard to the touch and of course compartments which are bulging underneath are

8

indicative of very likely compartment syndrome ...''  Dr. Farrell concluded that Mr.
Fazzie's forearm was something that needed to be decompressed immediately  and he
called the emergency OR team to come in for decompression fasciotomies on both
incisions of Mr. Fazzie's right forearm.

31.    On August 27, 2012 at 0126, Dr. Joseph Farrell performed decompression
fasciotomies on both incisions of Mr. Fazzie's right forearm.  During this surgery Dr.
Farrell found that Mr. Fazzie's "forearm was very tense", that the "muscle compartments
were hard", that "the sutures at the wound site were bulging between the actual sutures
which were cutting through the skin", all of which were "a sign of enormous intra-
forearm pressure." Dr. Farrell reported that Mr. Fazzie's forearm muscles were "sort of
grayish in color and poorly vascularized", and that when he used a Bovie, "most places
gave no response".

32.    Mr. Fazzie remained at Virtua Memorial Hospital where he underwent
two (2) subsequent incision and drainage surgical procedures and attempts at closure of
his wounds.

33.    On September 6, 2012, a wound VAC was placed and he was discharged
to home with instructions to follow up with Dr. Farrell at the Vantage Surgery Center for
further care and treatment.

34.    On September 10, 2012, Mr. Fazzie was noted to have marked swelling in
his right forearm and mild comminution especially of the ulna and was scheduled for a
Jacob's ladder application and an irrigation and debridement.

35.    On September 11, 2012, Dr. Farrell performed an irrigation and
debridement with partial closure and application of a wound VAC.

36.     On September 17, 2012, Mr. Fazzie followed up with Dr. Farrell and he was scheduled for surgery for a delayed closure.  The wound VAC was placed again until surgery.

37.     On September 19, 2012, Dr. Farrell performed a delayed primary closure, right forearm with manipulation of flexion contracture and removed the Jacob's ladder that had been previously inserted.

38.     On September 21, 2012, Dr. Farrell noted that Mr. Fazzie's wound was completely closed with no drainage, but that "… he has got a long way to go … [H]e still has dense median and radial nerve palsies ... [T]he ulnar nerve is also partially out so he has a heck of a long way to go … there is certainly a defect in both of the two forearms … there is the possible evidence of early myositis ossificans between the two bones.  The defect in both the radius and ulna could be problematic over time …"  " [T]his is a severely de-vascularized arm…[that] has gone on to a full-blown compartment syndrome with what appears to be a Volkmann ischemic contracture.  While he has improved a lot since the commencement of treatment and with multiple operations, I think 4 or 5 in number, he is a long ways from doing well. I am very concerned with the defects seen in the forearm and midshaft, and I am recommending that this be addressed by way of bone growth stimulator .  Since he already has vascular embarrassment, I think this is probably best treated now preemptively with a bone growth stimulator in order to be sure that we do not have to go back later on and do a reflex of either or both of these forearm fractures which would be disastrous."  Dr. Farrell prescribed a bone growth stimulator, physical therapy, and Vicoden and Mr. Fazzie was to return in ten (10) days.

39.     Mr. Fazzie followed up with Dr. Farrell on October 1, 2012, October 16, 2012, and November 13, 2012. On the November 13, 2012 visit, Dr. Farrell noted that despite his improvement:

> He does not have much in the way of dorsiflexion of the wrist. There is still gross radial nerve loss in that he can bring his wrist up, but he cannot extend his fingers at the same time. He has numbness in the fingers, and the numbness is including the thumb side of the ring finger and all of the next 2 fingers and a little bit of the thumb so it is in the typical median nerve distribution. The little finger has pretty good feeling. The thumb is stiff especially with the tendons. I know that there is binding of the tendons along the forearm as a result of this enormous trauma that he has had.

Dr. Farrell thought that the next procedures were best handled by a hand surgeon and he referred Mr. Fazzie to Dr. Thomas Stackhouse.

40.     On December 10, 2012, Mr. Fazzie was examined by Dr. Thomas Stackhouse who found that Mr. Fazzie had a lack of complete flexion of his fingers, as well as lack of complete extension of his fingers, and a poor grip. Dr. Stackhouse also found that Mr. Fazzie lacked protective sensation in his thumb, index, and long fingers, that he had contractures in the interphalangeal joints of his right hand with flexor tendon adhesions in his forearm. Dr. Stackhouse recommended electrodiagnostic studies to evaluate the status of Mr. Fazzie's median nerve and a hand therapist for a closely supervised hand therapy routine to help with adhesions with his forearm as well as to deal with the arthrofibrosis and contractures in his finger joints.

41.     On December 17, 2012, Mr. Fazzie underwent EMG studies of his right upper extremity, which showed an acute, severe right median neuropathy with a lesion in the proximal 1/3 of the forearm as well as an acute, severe right radial neuropathy with a

11

lesion at the lateral elbow and  a mild right demyelinating ulnar neuropathy with
entrapment at the elbow.

42.     On January 10, 2103, Dr. Stackhouse noted that "[T]here has been no
change in sensation in his fingers … he lacks PIP extension which I think reflects
myostatic contracture of his finger-flexors." Dr. Stackhouse continued Mr. Fazzie's
supervised rehabilitation.

43.     On January 19, 2013, Mr. Fazzie returned to see Dr. Stackhouse, who
noted that Mr. Fazzie had ongoing numbness in all digits of the right hand as well as
contractures involving the flexors of the index and long and some weakness of the index
and long fingers and some weakness of wrist extension.  Dr. Stackhouse referred Mr.
Fazzie to A. Lee Osterman, M.D.

44.     On June 25, 2013, Mr. Fazzie underwent nerve surgery by Dr. Osterman.
Following that surgery, Mr. Fazzie underwent  a long physical therapy program, which he
completed in August of 2013.   While Mr. Fazzie had improved, he still continued to
experience residual numbness, cold intolerance, particularly in the long, index and
thumb, and weakness and decreased motion in his thumb.  He also had several areas of
hypertrophic scar.

**COUNT I**
**(Negligence -- All Defendants)**

45. The Plaintiff, Gregory Fazzie, repeats, realleges, adopts and incorporates by
reference paragraphs 1 through 44 of this Complaint and Election for Jury Trial as though
fully set forth herein.

46. At all relevant times, the Defendant, James Michael Steinberg, D.O., was
licensed to practice medicine in the State of Maryland and specialized in the field of

12

orthopedic surgery and represented to the public and to the Plaintiff possession of that
degree of skill, knowledge and ability ordinarily possessed by a reasonably competent
physician practicing orthopedic surgery.

47.     At all times complained of herein, Defendant Nisenfeld & Chilton, M.D., P.A.,
t/a Mid-Maryland Musculoskeletal Institute, through its agents, servants, and/or employees,
including Dr. Steinberg, , represented to the public and to the Plaintiff possession of that
degree of skill, knowledge and ability ordinarily possessed by a reasonably competent
orthopedic surgery practice.

48.     At all times complained of herein, Defendant Centers for Advanced
Orthopaedics, LLC,  t/a Mid-Maryland Musculoskeletal Institute, through its agents, servants,
and/or employees, including Dr. Steinberg, , represented to the public and to the Plaintiff
possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably
competent orthopedic surgery practice.

49.     At all times complained of herein, the Defendant, Frederick Memorial
Hospital, Inc., owned and operated a medical facility licensed in the State of Maryland,
and through its agents, servants, and/or employees, represented to the public and to the
Plaintiff, Gregory Fazzie, possession of that degree of skill, knowledge and ability
ordinarily possessed by a hospital offering inpatient anesthesia, surgical, medical and
nursing services.

50.     At all times complained of herein, the Defendants, James Michael
Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal
Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal
Institute, and Frederick Memorial Hospital, Inc., individually and/or by and through their

agents, servants, and/or employees, owed to the Plaintiff Gregory Fazzie the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent orthopedic and spine surgeons acting in the same or similar circumstances. That duty included the proper interpretation and performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by the Plaintiff Gregory Fazzie, the prompt employment of appropriate procedures and treatments to correct such conditions; continuous evaluation of the course of such treatments in response to such evaluations; appropriate notification to the Plaintiff of the various alternatives and risks involved in the various modalities of treatment; attendance and proper performance at all surgeries; and complete disclosure of surgical events and findings.

     51.    At all times complained of herein, Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, breached  and violated the accepted standards of care and were negligent in their care and treatment of Plaintiff Gregory Fazzie.  These breaches of the standards of care include, but are not limited to, the following:

     a.  Failing to exercise reasonable care in the timely and careful diagnosis and treatment of Plaintiff Gregory Fazzie's conditions

     b.  Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the medical status and/or conditions of the Plaintiff Gregory Fazzie;

14

c.   Failing to exercise reasonable care in the timely and careful diagnosis of such conditions;

d.   Failing to act within the standard of care in their care and treatment of Plaintiff Gregory Fazzie;

e.   Failing to exercise timely and reasonable care in employing appropriate treatments to correct or address such conditions;

f.   Failing to exercise timely and reasonable care in evaluating the effects of any treatments to correct or address such conditions;

g.   Failing to exercise timely and reasonable care in adjusting the chosen course of treatment or care provided to the Plaintiff;

h.   Failing to recognize the signs of impending or early compartment syndrome on August 26, 2012 prior to discharging Mr. Fazzie to home;

i.   Discharging Mr. Fazzie on August 26, 2012 with an early or impending compartment syndrome to travel 5 or more hours back to New Jersey;

j.   Failing to treat Mr. Fazzie's compartment syndrome in a timely manner; and

k.   Being otherwise careless and negligent.

52.   The Plaintiff further avers that as a direct and proximate result of the negligent and careless acts and omissions of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually and/or through their agents, servants and/or employees, Plaintiff Gregory Fazzie experienced permanent and disabling injuries, a severe shock to his nerves and nervous system, conscious pain and suffering, loss of muscle, tissue and function, nerve damage, inability to perform his leisure activities and work activities in the same manner,  and suffered other injuries, harms and losses.

53.     The Plaintiff further avers that as a direct and proximate result of the

inappropriate and substandard medical care, treatment and management by the

Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-

Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-

Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually

and/or through their agents, servants and/or employees, Plaintiff Gregory Fazzie was

severely and permanently injured and damaged.

54.     The Plaintiff Gregory Fazzie further avers that the injuries, damages and

losses sustained by Plaintiff were due to the negligent and careless acts and omissions of

the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a

Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a

Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc.,

individually and/or through their agents, servants and/or employees, who breached the

aforementioned duties of care to the Plaintiff.

55.     The Plaintiff further avers that all of these injuries and damages were

caused by the negligent acts and omissions of the Defendants, James Michael Steinberg,

D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute,

Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute,

and Frederick Memorial Hospital, Inc., individually and/or through their agents, servants

and/or employees, without any negligence or want of due care on the part of the Plaintiff

thereunto contributing.

WHEREFORE, Plaintiff, Gregory Fazzie brings this claim against the

Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-

Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland, plus interest, costs and such other and further relief as justice requires.

**COUNT II**
**(Loss of Marital Consortium – Negligence – All Defendants)**

The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 55 of this Complaint and Election of Jury Trial as though fully set forth herein.

56.  The Plaintiff, Gregory Fazzie, avers that he and Alicia M. Fazzie, were, and remain, for all times complained of, husband and wife.

57.  The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie,  further aver that, as a direct and proximate result of the negligent acts and omissions of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc.,  as identified above, they did suffer and sustain injury, damage and disturbance to their marital relationship and that they were deprived, each from the other, of normal and customary services, society, companionship, affection, assistance, and conjugal relationships, and that the same were thereby interfered with, diminished and/or destroyed.

58.  The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, further aver that all of the injuries, damages and losses complained of, past, present and prospective, were and are due to the negligent acts and omissions of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute,

17

Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., without any negligence or want of due care on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, bring this action against the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland, plus interest, costs and such other and further relief as justice requires.

**COUNT III**
**(Informed Consent – All Defendants)**

The Plaintiff, Gregory Fazzie, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 58 of this Complaint and Election of Jury Trial as though fully set forth herein.

59.     The Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc.,  individually and/or by and through their agents, servants and/or employees, owed to the Plaintiff Gregory Fazzie the duty of appropriate notification of the various alternatives and risks involved in various modalities of treatment for Mr. Fazzie's arm, including the risk of developing compartment syndrome on the ride back to New Jersey.

60.    The Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually and/or by and through their agents, servants and/or employees, were negligent in failing adequately and appropriately to explain the proposed procedures or treatment, to warn of material risks or dangers inherent in or collateral to the proposed procedures or treatment, to discuss with the patient the viable medical alternatives to the proposed procedures or treatment, to allow the patient to make an intelligent and informed choice about whether or not to undergo the proposed procedures or treatment, to inform the patient promptly of material changes in the medical circumstances, and to obtain an informed consent from the Plaintiff Gregory Fazzie and were otherwise negligent.

61.    The Plaintiff Gregory Fazzie further alleges that as a result of the negligence of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually and/or by and through their agents, servants and/or employees, in failing to obtain Plaintiff's informed consent, the Plaintiff Gregory Fazzie experienced a severe shock to his nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, was otherwise injured and damaged.

62.    The Plaintiff further alleges that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute,

Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., individually and/or by and through their agents, servants and/or employees,  in failing to obtain Plaintiff's informed consent, without any negligence or want of due care on the part of the Plaintiff Gregory Fazzie thereunto contributing.

WHEREFORE, the Plaintiff Gregory Fazzie brings this claim against the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland, plus interest, costs and such other and further relief as justice requires.

### COUNT IV
### (Loss of Marital Consortium – Informed Consent – All Defendants)

The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 62 of this Complaint and Election for Jury Trial as though fully set forth herein.

63.  The Plaintiff, Gregory Fazzie, avers that he and Alicia M. Fazzie were, and remain, for all times complained of, husband and wife.

64.  The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, further aver that, as a direct and proximate result of the negligent failure of the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., to obtain Plaintiff's informed consent, as identified above, they did suffer and sustain injury, damage and disturbance to their

20

marital relationship and that they were deprived, each from the other, of normal and customary services, society, companionship, affection, assistance, and conjugal relationships, and that the same were thereby interfered with, diminished and/or destroyed.

65.   The Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, further aver that all of the injuries, damages and losses complained of, past, present and prospective, were and are due to the negligent failure to obtain informed consent by the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc., without any negligence or want of due care on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, Gregory Fazzie and Alicia M. Fazzie, bring this action against the Defendants, James Michael Steinberg, D.O, Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, Centers for Advanced Orthopaedics , LLC, t/a Mid-Maryland Musculoskeletal Institute, and Frederick Memorial Hospital, Inc.,  in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland, plus interest, costs and such other and further relief as justice requires.

Henry E. Dugan, Jr. (Bar #01320)
Alison D. Kohler (Bar #01277)
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs

21

## ELECTION FOR JURY TRIAL

The Plaintiffs, Gregory Fazzie and Alicia Fazzie, by and through their undersigned attorneys, elect to try this case before a jury.

Henry E. Dugan, Jr. (Bar #01320)
Alison D. Kohler (Bar #01277)
Dugan, Babij & Tolley LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs

22