IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY FAZZIE, et al.

    Plaintiffs,

v.

JAMES MICHAEL STEINBERG, D.O., et al.

    Defendants.

CIVIL NO. JKB-15-1730

## MEMORANDUM & ORDER

In preparation for the pretrial conference to be held on August 16, 2018, at 1:00 PM, the Court has considered the parties' Proposed Pretrial Order and Motions in Limine and issues the following preliminary rulings, as set forth below.

First, with respect to the parties' Proposed Pretrial Order (ECF No. 69), the Court notes that it is deficient in at least one regard: It would appear that the parties have but two stipulations, yet they have included a plethora of proposed—and rejected—stipulations. The Proposed Pretrial Order should include only those stipulations on which the parties agree. Accordingly, the Proposed Pretrial Order SHALL be corrected prior to the pretrial conference to reflect that the parties stipulate only as to: (i) the authenticity of medical records and bills exchanged in discovery; and (ii) as the authenticity of the radiology studies' films and reports exchanged in discovery.

The Court next turns to the parties' Motions in Limine. The issues have been briefed and no hearing is required, *see* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, it is hereby ORDERED:

1. Plaintiffs' Motion in Limine to Preclude Argument, Evidence and Testimony on Topics Related to the Legal Profession, "Tort Reform" and the Practice of Medicine (ECF No. 60) is DENIED WITHOUT PREJUDICE. Should any of these issues actually arise at trial, which the Court considers unlikely, Plaintiffs are free to renew their motion or make any relevant objections at that time.

2. Plaintiffs' Motion in Limine to Preclude Collateral Source Evidence (ECF No. 61) is GRANTED. The Court, however, notes that Defendants have given no indication they intend to introduce such collateral source evidence.

3. Plaintiffs' Motion in Limine to Exclude Irrelevant, Inadmissible and Unduly Prejudicial Evidence Prohibited Under FRE 401, 402 and 403 (ECF No. 62) is DENIED WITHOUT PREJUDICE. These matters will be addressed as necessary and appropriate during the course of trial.

4. Plaintiffs' Motion in Limine to Strike or, In the Alternative, to Limit Cumulative Expert Witness Testimony Offered by the Defendants (ECF No. 63) is DENIED WITHOUT PREJUDICE. Plaintiffs are free to renew their motion or raise any relevant objections to testimony during the course of trial, as they deem appropriate.

5. Defendants' Joint Motion in Limine to Preclude Evidence of Lack of Informed Consent (ECF No. 64) is DENIED AS MOOT in light of Plaintiffs' decision to abandon this claim.

6. Defendants' Joint Motion in Limine to Exclude Certain Photographs of Plaintiff Gregory Fazzie's Forearm (ECF No. 65) is DENIED. The photographs are apparently evidence of the surgeries and therapies that were necessary in the aftermath of the care provided by the Defendants. As such, they are probative of the treatment that was necessary as a result of Defendants' alleged negligent conduct.

7. Plaintiffs' Opposition to Defendants' Joint Motion in Limine to Preclude Plaintiffs From Eliciting Causation and Other Opinions from Joseph Farrell, D.O., (ECF No. 66) is DENIED insofar as it seeks to preclude Dr. Farrell from offering any opinion testimony. Plaintiffs identified Dr. Farrell as Mr. Fazzie's treating physician and a "hybrid" fact/expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) and Local Rule 104.10. As such, Plaintiffs were not obligated to provide full expert disclosures for Dr. Farrell, but they were required to provide "the subject matter on which [he] is expected to present evidence under Fed. R. Evid. 702, 703, or 705, as well as a summary of the facts and opinions to which [he] is expected to testify." (Local Rule 104.10 (emphasis added).)

Plaintiffs have noticed the *de bene esse* testimony of Dr. Farrell, and Defendants now seek to preclude Plaintiffs from eliciting any "causation and other opinions" from Dr. Farrell in that testimony "beyond those specifically set forth in [his] medical records" regarding Mr. Fazzie. (ECF No. 66 ¶ 6.) It is not entirely clear to the Court whether Defendants believe that Plaintiffs simply failed to comply with the disclosure requirements of Rule 26(a)(2)(C) and Local Rule 104.10, or whether Defendants believe that Dr. Farrell may not offer any opinion because he was not designated as an expert

with the accompanying requisite disclosures pursuant to Rule 26(a)(2)(B). Regardless, both positions are without merit in light of the facts here.

First, Defendants contend that Plaintiffs did not disclose any "specific causation opinions" that would be offered by their hybrid witnesses, including Dr. Farrell, and they failed to disclose the "specific factual basis" for any such opinions. (ECF No. 66 ¶ 6.) However, Rule 26(a)(2)(C) requires only that a party disclose a *summary* of the facts and opinions to which a witness will testify, not the *specific* factual basis for specific opinions. Defendants seek to impose something more akin to an expert disclosure requirement on Plaintiffs' hybrid witnesses. But such detail is not required by the Federal or Local Rules.

Moreover, Defendants' misstate the scope of Plaintiffs' hybrid witness disclosures. According to Defendants, Plaintiffs disclosed that their hybrid witnesses would testify only as to the information "generally set forth in their medical records, bills and reports." (Plaintiffs' Rule 26(a)(2) Designation of Expert Witnesses, ECF No. 66, Ex. 1, at 6.) However, Plaintiffs provided significantly more detail in the paragraph immediately preceding this statement. Specifically, Plaintiffs stated that Dr. Farrell and other hybrid witnesses "are expected to testify, generally, on the nature and extent of the injuries suffered by the Plaintiff Gregory Fazzie, *as a result of the negligence of the Defendants in failing to properly and timely diagnose and treat the compartment syndrome*," and "Mr. Fazzie's medical condition at those times when he obtained such medical care and treatment." (*Id.* (emphasis added).) This certainly put Defendants on notice that at least some of Plaintiffs hybrid witnesses may offer testimony regarding the causation of Mr. Fazzie's injury to the extent their opinions were derived directly from their treatment and

evaluation of Mr. Fazzie. Nothing more is required under Rule 26(a)(2)(C) and Local Rule 104.10.

To the extent Defendants believe that Dr. Farrell may not offer any opinion because he was not designated as an expert and did not produce a report, they are wrong. That said, Dr. Farrell (and any other hybrid witness for that matter) is limited in the opinions he may offer. A treating physician, hybrid witness such as Dr. Farrell may testify as to opinions without providing a report so long as those opinions "derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition of the injury." *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500–01 (D. Md. 1997); *see, e.g.*, *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).") Accordingly, Dr. Farrell may testify only as to facts and those opinions derived directly from his treatment of Mr. Fazzie. In other words, his opinions testimony must be strictly limited to information he gleaned through his own five senses at the time he evaluated and treated Mr. Fazzie.

DATED this 15th day of August, 2018.

                                          BY THE COURT:

                                          James K. Bredar
                                          Chief Judge