IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREGORY FAZZIE, et al.** | * | |
| Plaintiffs, | * | |
| v. | * | **CIVIL NO. JKB-15-1730** |
| **JAMES MICHAEL STEINBERG, D.O., et al.** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

Having considered various motions presented by Plaintiffs in their memorandum to the Court filed August 29, 2018 (ECF No. 88), it is hereby ORDERED:

1. Plaintiffs' motion for reconsideration of the Court's Order of August 29, 2018, relating to the use of video depositions of Dr. Steinberg (ECF No. 87) is DENIED. As the Court made abundantly clear at the pretrial conference held on August 16, 2018, the Court disfavors the use of video depositions for a variety of reasons. The Court, however, granted the parties the opportunity to meet, confer, and reach substantial agreement as to video excerpts they wished to play at trial. The parties' independent filings, as well as the correspondence attached to those filings, reveal only minimal attempts to comply with the Court's conditions. Accordingly, Plaintiffs remain free to seek to introduce portions of the transcript of Dr. Steinberg's deposition testimony for impeachment or any other purpose permitted by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(2). The Court will consider and rule on any objections if and when they arise at trial.

Defendants similarly remain free to seek to introduce portions of the transcript of Dr. Steinberg's deposition testimony, as permitted by the Federal Rules.

2. Plaintiffs' motion to exclude Defendants from introducing excerpts of the transcripts from Plaintiffs' depositions is DENIED WITHOUT PREJUDICE. Contrary to Plaintiffs' contentions, such introduction is not precluded by the Local Rules. Local Rule 106.2(k) requires that parties include in the Pretrial Order any designations and counter-designations of depositions that will be introduced under Federal Rule of Civil Procedure 32(a)(4), which permits the use of deposition testimony in lieu of live testimony for unavailable witnesses, or, if made by motion and with notice, in other exceptional circumstances. The Court has received no indication that any of the deponents in question are unavailable and has received no motion arguing for the application of exceptional circumstances. Therefore, designations and counter-designations in the Pretrial Order were not required, and Defendants remain free to seek to introduce excerpts of transcripts of deposition testimony as permitted by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a). The Court will consider and rule on any objections if and when they arise at trial.

3. Plaintiffs' motion to amend the Pretrial Order (ECF No. 81) to reflect that Plaintiff's claims against Defendants Nisenfeld & Chilton, M.D., P.A., t/a Mid-Maryland Musculoskeletal Institute, and Centers for Advanced Orthopaedics, LLC, t/a Mid-Maryland Musculoskeletal Institute, are predicated on the theory of vicarious liability for the actions of Dr. James Steinberg is GRANTED.

DATED this 30 day of August, 2018.

BY THE COURT:

James K. Bredar
Chief Judge