IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY FAZZIE, et al.　　　　　*

　　Plaintiffs,　　　　　　　　　*

v.　　　　　　　　　　　　　　　*　　　　CIVIL NO. JKB-15-1730

JAMES MICHAEL STEINBERG,　　　*
D.O., et al.

　　Defendants.　　　　　　　　　*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## MEMORANDUM

### I. *Background*

Following the Pretrial Conference held on August 16, 2018, this Court directed the parties to submit simultaneous briefs on the merits of Defendants' contributory negligence theory and request for a corresponding jury instruction. (Order of Aug. 16, 2018, ECF No. 80.) Briefs have been submitted, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2016).

The primary legal question raised by the briefs is whether contributory negligence is applicable to the alleged facts in this case, given the distinction in Maryland law between a plaintiff's allegedly negligent conduct that is concurrent with a defendant's negligence (to which the affirmative defense applies) and conduct that is subsequent to a completed injury (to which it does not). (Pl. Mot. in Limine at 15, ECF No. 86; Defs. Pretrial Mem. at 4, 7-9, ECF No. 84.[1]) Plaintiffs also argue that, even if theoretically applicable, evidence of contributory negligence is insufficient as a matter of law to warrant a jury instruction. (Mot. in Limine at 8, n.2; *id.* at 16-

---

[1] Defendants James M. Steinberg, D.O., Nisenfeld & Chilton, M.D., P.A., and Centers for Advanced Orthopaedics, LLC ("Steinberg Defendants") submitted a joint memorandum (ECF No. 84), which was incorporated in full by Defendant Frederick Memorial Hospital (FMH) in its submission (ECF No. 83). The Court accordingly refers to this joint memorandum as if filed on behalf of all Defendants.

17.) Lastly, Plaintiffs argue that Defendants waived any contributory negligence defense by omitting it from discovery responses and the Pretrial Order. (*Id.* at 11-14).

Having considered the parties' arguments, for the reasons stated below, Plaintiffs' Motion in Limine to preclude contributory negligence arguments and evidence will be denied. Notwithstanding that decision, the Court remains skeptical of Defendants' contributory negligence theory. Although the Court is not persuaded that the theory is so legally flawed as to preclude Defendants' from offering evidence at trial, neither is the Court convinced at this stage that the question should ultimately be submitted to the jury. Accordingly, to the extent that Defendants' Pretrial Memorandum requests the Court to rule that a contributory negligence jury instruction is warranted, that request will be denied without prejudice. At the close of evidence, the Court will consider any renewed request for such an instruction, along with any objections, based on the evidence actually presented at trial.

## II. *Analysis*

### A. *Concurrent or Subsequent Negligence*

Defendants' theory is that Mr. Fazzie developed compartment syndrome only after discharge, that he was instructed to call Dr. Steinberg or seek medical attention if his symptoms worsened, that his symptoms did worsen after discharge, and that his failure or delay in seeking care or contacting Dr. Steinberg was negligent. (Defs. Pretrial Mem. at 3.) The parties dispute whether Maryland law permits a contributory negligence defense under such circumstances.

In Maryland, "the test for contributory negligence is not 'simultaneity but whether the plaintiff's [alleged] dereliction has significantly contributed to the injury.'" *Smith v. Pearre*, 625 A.2d 349, 358 (Md. Ct. Spec. App. 1993) (quoting *Chudson v. Ratra*, 548 A.2d 172, 182 (Md. Ct. Spec. App. 1988)); *see also Hopkins v. Silber*, 785 A.2d 806, 815 (Md. Ct. Spec. App. 2001).

"If, on the other hand, the 'injury flowing from the primary negligence is essentially complete prior . . . to any negligence on the part of' the plaintiff and the plaintiff's negligence 'simply enhances the injury,'" mitigation of damages may be appropriate, but contributory negligence will not bar recovery. *Hopkins*, 785 A.2d at 815 (quoting *Chudson*, 548 A.2d at 182).

In the context of medical malpractice, Maryland courts permit a contributory negligence defense "only where there was evidence adduced that the plaintiff had received treatment from a health care provider, that he had been given instructions by that provider, and that he had not followed, or unreasonably delayed in following, those instructions." *Barbosa v. Osbourne*, 183 A.3d 785, 790 (Md. 2018) (collecting cases). This line of cases fits Defendants' theory—that Mr. Fazzie was negligent when he failed to follow or unreasonably delayed in following Defendants' directions to seek care if his symptoms worsened. Therefore, contributory negligence is applicable, provided Defendants adduce sufficient evidence to meet their burden. *See Hott v. Mazzocco*, 916 F. Supp. 510, 515 (D. Md. 1996) (citing *Moodie v. Santoni*, 441 A.2d 323, 325 (Md. 1982)) (affirming that the defendant bears the burden of production when seeking a contributory negligence instruction).

Plaintiffs rely on a separate line of cases holding that it is "not contributory negligence for a patient to follow a doctor's instructions or rely on the doctor's advice, to fail to consult another doctor . . . or to fail to diagnose her own illness." *DiLeo v. Nugent*, 592 A.2d 1126, 1133 (Md. Ct. Spec. App. 1991) (citing *Santoni v. Moodie*, 452 A.2d 1223 (1982)); *see also Hill v. Wilson*, 760 A.2d 294, 307 (Md. Ct. Spec. App. 2000) (affirming propriety of jury instruction that "reasonable and justified" reliance on a doctor's advice is not contributory negligence); *Simmons v. Urquhart*, 664 A.2d 27, 32 (Md. Ct. Spec. App. 1995) ("[P]atients are entitled legally to rely on their physician's advice."). Even plaintiffs who "harbor[] suspicions about the

3

efficacy of [their] treatment" remain entitled to rely on and follow their doctors' orders. *DiLeo*, 592 A.2d at 1133. While relevant, these cases do not change the conclusion that contributory negligence is applicable to Defendant's theory of the case—the factual dispute between the parties is precisely about whether Mr. Fazzie's conduct after leaving the hospital constituted following the doctor's directions (in which case, it was not negligent) or failing to follow them (in which case, it was). That question, in turn, rests on a factual dispute about whether Mr. Fazzie's symptoms worsened or remained the same after discharge. If a jury accepts Defendants' version of events, it may find Mr. Fazzie contributorily negligent, whereas, if it accepts Plaintiffs' version, it may not.

Plaintiffs also argue that Mr. Fazzie's injury was complete at the time of discharge, which would mean any possible negligence on his part would be subsequent, rather than concurrent, to Defendants' negligence. (Pl. Reply at 4-5, ECF No. 90.) Plaintiffs rely on a case holding that, in Maryland, a legal cause of action in negligence arises when the plaintiff "first sustains compensable damages," such as "experience[ing] pain or other manifestation of an injury." *Green v. N. Arundel Hosp. Ass'n, Inc.*, 730 A.2d 221, 231 (Md. Ct. Spec. App. 1999) (quoting *Edmonds v. Cytology Servs.*, 681 A.2d 546, 564 (Md. Ct. Spec. App. 1996), *aff'd sub nom.*, *Rivera v. Edmonds*, 699 A.2d 1194 (Md. 1997)). However, *Green* was a case about when and where the cause of action arises for venue purposes, and it relied primarily on *Edmonds v. Cytology Services*, a case about the statute of limitations. That an injury may be complete for purposes of determining questions about venue and timeliness does not necessarily control questions about contributory negligence. To the contrary, Maryland courts have repeatedly permitted contributory negligence defenses even though plaintiffs may have had compensable damages or experienced manifestations of injury immediately after a misdiagnosis. *See, e.g.*,

*Pearre*, 625 A.2d at 358 (failure to diagnose a cancerous ulcer when patient presented with rectal bleeding); *Myers v. Estate of Alessi*, 560 A.2d 59, 61 (Md. Ct. Spec. App. 1989) (failure to diagnose tongue cancer when patient presented with a sore throat that continued for another six months); *Chudson*, 548 A.2d at 182-83 (failure to diagnose breast cancer when patient presented with a lump that continued to grow for months afterwards). Maryland courts have declined to extend the logic of venue and statute of limitations cases to determine when injuries are complete for contributory negligence purposes. The Court similarly declines to do so here.

Nonetheless, the Court acknowledges that this case is somewhat of an awkward fit with other medical malpractice cases that have allowed contributory negligence defenses. Some of those cases involved explicit non-compliance with medical instructions, *see Hopkins*, 785 A.2d at 813 (patient attempted sex six times after surgery despite being instructed to wait at least six weeks), or utter failure to report any symptoms to health care providers, *see Moodie*, 441 A.2d at 325 (clinic presented evidence that the patient never reported any symptoms of medication complications at monthly appointments). In unreasonable delay cases, patients delayed for weeks or months before seeking care. *See, e.g., Kassama v. Magat*, 767 A.2d 348, 353-54 (Md. Ct. Spec. App. 2001), *aff'd*, 792 A.2d 1102 (Md. 2002) (four-week delay in obtaining a genetic test when advised at the eighteenth week of pregnancy that it should occur between fifteen and nineteen weeks); *Myers*, 560 A.2d at 61 (six-month delay in reporting persistent symptoms); *Chudson*, 548 A.2d at 175 (four-month delay in reporting worsening symptoms); *cf. Moodie*, 441 A.2d at 324 (failure to report symptoms for at least four months). Here, at most, approximately six-and-a-half hours elapsed between Mr. Fazzie's discharge and his emergency room visit. Although at least one other case permitted a contributory negligence defense based on a delay of mere hours, in that case, a pregnant patient was told to return "immediately" if contractions

started again, and she admitted having contractions three hours before her return. *Sheller v. Woods*, Civ. No. RDB-08-3501, 2010 WL 2428754, at *3 (D. Md. June 8, 2010). The evidence of contributory negligence in this case appears to be *far* less straightforward, almost falling short of justifying a contributory negligence instruction *as a matter of law*. But not quite. So, while this case presents a very close call, the Court concludes that this is ultimately a question of evidentiary sufficiency.

However, the Court also notes that Defendants' theory is expressly predicated on Mr. Fazzie having developed compartment syndrome *after* discharge:

> The mitigation of damages . . . defense is not applicable to this situation because there were no damages (*i.e.*, compartment syndrome and its sequellae) yet to mitigate at the time of discharge. . . . To the extent Defendants do present evidence that Mr. Fazzie's compartment syndrome developed after his discharge and that he failed to contact Dr. Steinberg as it developed, Defendants are entitled to a contributory negligence instruction.

(Defs. Pretrial Mem. at 8-9.) Defendants thus appear to concede that, if Mr. Fazzie had compartment syndrome at the time of discharge, his injury was complete, and any failure or delay in following orders would be subsequent to, not concurrent with, Defendants' negligence. Thus, the Court also concludes that, if the jury determines as a factual matter that compartment syndrome developed prior to Mr. Fazzie's discharge, the doctrine of contributory negligence will have no place in this case.

### B. Sufficiency of Evidence

Plaintiffs next argue that, even if contributory negligence theoretically might be applicable to injuries like Mr. Fazzie's, the evidence in this case is insufficient as a matter of law to warrant an instruction. Although the burden of proving contributory negligence is on the defendant, the evidentiary burden to warrant a jury instruction is low. "Maryland has gone about as far as any state in holding that meager evidence of negligence is sufficient to carry a case to

the jury." *Hott*, 916 F. Supp. at 515 (quoting *Moodie*, 441 A.2d at 326). However, "the burden of production is not *de minimis*." *Id.* "[A] mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence" does not create a jury question. *Fowler v. Smith*, 213 A.2d 549, 554 (Md. 1965). Contributory negligence is absent as a matter of law "when reasonable minds could not differ." *Kassama*, 767 A.2d at 359 (citing *Union Mem'l Hosp. v. Dorsey*, 724 A.2d 1272, 1275 (Md. Ct. Spec. App. 1999)).

Defendant's theory rests on a factual claim that Mr. Fazzie's symptoms worsened after discharge. Only if his symptoms worsened could a reasonable juror conclude that the six-and-a-half hour delay in seeking medical care constituted either a failure to follow his doctor's orders or an unreasonable delay in doing so. On the current record, that underlying factual claim appears to rests on a single statement in Mr. Fazzie's deposition: when asked whether his pain changed after discharge, Mr. Fazzie replied, "I think it actually increased a little bit." (G. Fazzie Depo. at 99:1-2, Ex. C. to Defs. Pretrial Mem., ECF No. 84-1 at 15 (cited in Defs. Pretrial Mem. at 6, and Steinberg Opp'n to Mot. in Limine at 2, ECF No. 91).) Plaintiffs rely on the same statement to argue that, even if there had been a slight increase in pain compared to the time of discharge, Mr. Fazzie's pain would have been in the same range as what he experienced while under Defendants' care; therefore, such an increase would *not* indicate pain any worse than what he reported when Defendants advised him that he did not have compartment syndrome. (Mot. in Limine at 8, n.2.) Plaintiffs also cite additional parts of the deposition in which Mr. Fazzie repeatedly describes his symptoms overall as having remained the same. (*Id.* at 8-9 (citing testimony that his pain, numbness, and mobility symptoms did not change).)

On this record, the Court considers Defendants' theory of Plaintiffs' negligence to rest on a very thin foundation. Although the Court is not persuaded that contributory negligence is

categorically inapplicable on these facts, neither is the Court persuaded, on the current record, that Defendants have carried their burden of production—slight as it may be—to submit the question to a jury. Nonetheless, the Court will permit Defendants to introduce evidence of contributory negligence during trial and will reconsider whether a contributory negligence instruction is warranted at the close of evidence.[2]

## C. *Waiver*

Lastly, Plaintiffs contend that Defendants' waived any contributory negligence defense by failing to disclose their intent to pursue it and facts in support in their responses to interrogatories and requests for production, and by failing to include it as a legal theory in the Pretrial Order. Plaintiffs cite no specific provisions of the Federal or Local Rules to support this argument. (*See* Mot. in Limine at 11-14.) However, even assuming Plaintiffs had supported their argument with citation to the relevant rules, *see, e.g.*, Fed. R. Civ. P. 26(e), 37(1) & 16(e); Local R. 106.2 (D. Md. 2016), the Court would still reject exclusion of the evidence in this case.

Exclusion under the Federal Rules is not a mandatory sanction for every failure to supplement a discovery response in violation of Rule 26(e); district courts have discretion. *See, e.g.*, Fed. R. Civ. P. 37(c)(1) (listing exceptions to exclusion where violations are "substantially justified or harmless" and permitting substitute sanctions); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (referring to courts' "broad discretion"); *accord* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2050 (3d ed. 2010) (noting courts' "wide discretion"). In a 37(c)(1)

---

[2] The Steinberg Defendants argue that, even if evidence after trial is insufficient to support a contributory negligence instruction and only mitigation applies, the Court should still give the same instruction. (Steinberg Opp'n at 3 (quoting *Maryland Pattern Jury Instructions* 27:6 (5th ed. 2017)).) That instruction directs that, if a patient's negligence together with the defendant's negligence causes injury, "then the patient cannot recover." *Id.* The Court need not yet decide what, if any, instruction might be proper. However, to the extent the Steinberg Defendants argue that the Court should instruct on contributory negligence as a complete defense even if the Court concludes that contributory negligence is absent as a matter of law, the Court finds that suggestion absurd on its face.

8

analysis, courts consider five factors in deciding whether to exclude evidence: "(1) surprise to the party against whom the evidence would be offered; (2) the ability . . . to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose." *Worldwide Network Servs., LLC v. Dyncorp Int'l, LLC*, 365 F. App'x 432, 444-45 (4th Cir. 2010) (citing *S. States Rack & Fixture*, 318 F.3d at 597). These factors do not favor exclusion in this case.

Plaintiffs acknowledge that Defendants' asserted contributory negligence in their Answers. (Mot. in Limine at 11.) Although Defendants' discovery responses did not reaffirm their commitment to such a defense, neither did they unambiguously disavow it. Dr. Steinberg stated that he "did not currently contend" that the plaintiffs were contributorily negligent, and FMH replied that that it had "insufficient information at this time" to make a determination. (*Id.* at 11-13 (quoting Steinberg and FMH Responses to Interrogatories and Requests for Production, Mot. in Limine Exs. 7-10, ECF Nos. 86-7 to 86-10).) Their responses also expressly reserved the possibility of changing their positions. (*Id.*) Although Defendants never supplemented these responses, they did expressly indicate their intent to seek a contributory negligence defense in their proposed jury instructions (ECF No. 70, at 2, 10) and again during the Pretrial Conference (ECF No. 79). Any pre-trial surprise to Plaintiffs, therefore, is minimal at best.[3]

Furthermore, any surprise here is not the kind that is difficult to cure. Exclusion as a sanction is designed to avoid injustice when violations of disclosure requirements "prevent[] [the

---

[3] Plaintiffs argue that *Bricker v. Graceffo* controls this question. In that case, the Maryland Court of Appeals held that a "no" response to an interrogatory asking whether defendants alleged contributory negligence, "absent a timely amendment of the answer, had the effect of barring the issue of contributory negligence." 204 A.2d 512, 516 (Md. 1964). Even assuming, *arguendo*, that state law governs this question in federal court, *Bricker* is distinguishable insofar as it addressed an unambiguous "no" response. Plaintiffs argue that Defendants, "in essence, answered 'no'" (Mot. in Limine at 14), but their responses were not nearly so unequivocal. More accurately, they expressed uncertainty and lack of finality. This is a far weaker ground for claiming waiver. In light of that finding, the Court need not consider or resolve whether state law applies to this issue under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

9

opposing party] a meaningful opportunity to conduct discovery" related to undisclosed facts or witnesses. *Callahan v. Toys "R" US-Delaware, Inc.*, Civ. No. JMC-15-2815, 2017 WL 219371, at *4 (D. Md. Jan. 19, 2017); *accord S. States Rack & Fixture*, 318 F.3d at 598 (excluding undisclosed expert opinions because the opponent had no opportunity to "develop counter-testimony through the party's own experts"). Here, there is no indication that Defendants seek to rely on *any* undisclosed facts. Rather, the parties' respective briefs demonstrate considerable overlap between the facts Defendants intend to rely on to show contributory negligence and the facts Plaintiffs intend to rely on to show Defendants' primary negligence and resulting damages. (*Compare, e.g.*, Mot. in Limine at 8 *with* Defs. Pretrial Mem. at 6 (citing the same portion of Mr. Fazzie's deposition to support opposite conclusions).) Plaintiffs' only objection appears to be to the use of evidence already known to them to assert a legal theory they dispute on the merits. Such an objection is not grounds for exclusion. *Cf. Worldwide Network Servs.*, 365 F. App'x at 445 (finding previously undisclosed testimony made during trial to be harmless where similar other evidence was already known).

Finally, and for similar reasons, there is no indication that permitting presentation of evidence already known to Plaintiffs would disrupt trial. Accordingly, the Court finds that any violation of the disclosure requirements was harmless; therefore, exclusion is inappropriate.[4]

Plaintiffs' argument with respect to omission from the Pretrial Order is similarly unconvincing. The Court has previously noted deficiencies on both sides that required correction of the Pretrial Order. (*See* Mem. & Order of Aug. 15, 2018, at 1, ECF No. 77; Letter Order of Aug. 29, 2018, at 2, ECF No. 87). The Court's prior willingness to entertain amendments stems from a strong preference for allowing issues to be resolved on the merits, rather than through the

---

[4] The test under Rule 37(c)(1) is disjunctive—exclusion may not be warranted if a violation is "substantially justified *or* harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). Having concluded that any violation was harmless, the Court need not consider whether or not Defendants' failure to supplement was justified.

10

inflexible application of procedural rules. *See, e.g., United States v. Shaffler Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Consequently, the Court recently granted Plaintiffs' request to amend and add entire parties erroneously omitted. (Mem. & Order of Aug. 31, 2018, at 2, ECF No. 89.) Having permitted Plaintiffs to make an amendment, it would be unjust for the Court to now rigidly apply the Rules solely to Defendants' detriment. *See* Fed. R. Civ. P. 16(e) (permitting modification of a final pretrial order to prevent manifest injustice).

Accordingly, Defendants' have not waived their contributory negligence defense.

### III. Conclusion

For the foregoing reasons, an Order shall enter denying in part Plaintiffs' Motion in Limine (ECF No. 86) and denying without prejudice Defendants' request for a contributory negligence jury instruction (ECF No. 84). Defendants will be permitted to present evidence of contributory negligence at trial and may renew their request for a jury instruction at the close of evidence. However, given the Court's skepticism at this point, neither party shall discuss or introduce the concept of contributory negligence in opening statements.

An Order shall also enter directing the parties to jointly file an Amended Pretrial Order reflecting the addition of Defendants' contributory negligence legal theory, as discussed *supra*, and the addition of Plaintiffs' theory of vicarious liability with respect to Defendants Nisenfeld & Chilton, M.D., P.A., and Centers for Advanced Orthopaedics, LLC, pursuant to the Order of this Court dated August 31, 2018 (ECF No. 89). The parties' amended submission shall reflect the aforementioned amendments and no others.

DATED this __11__ day of September, 2018.

BY THE COURT:

*James K. Bredar* (signature)
James K. Bredar
Chief Judge